**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **No. 23-cr-066** |
| **REBECCA LAVRENZ,** | |
| **Defendant.** | |

## ORDER

It is **ORDERED** that the following schedule will apply:

1) All motions, including those pursuant to Fed. R. Crim. Proc. 12(b)(3) and motions in limine on behalf of either party, or any notice by the government seeking to introduce evidence under Fed. R. Evid. 404(b), must be submitted by **March 4, 2024**.

2) The oppositions are due by **March 11, 2024**.

3) The replies are due by **March 15, 2024**.

4) Electronic and paper copies of all **exhibits** must be delivered to Chambers and to the Deputy Clerk in the format set out below by **March 18, 2024**.

5) The parties must jointly file a single **Joint Pretrial Statement** following the requirements in the **Attachment** by **March 18, 2024**.

6) The pretrial conference will be held on **March 20, 2024 at 10:30 a.m.** in Courtroom 4.

7) Trial will commence on **March 25, 2024 at 9:30 a.m.** in Courtroom 4.

**Format of Exhibits**

Counsel for each party must deliver to Chambers copies of all exhibits the party will seek to introduce—pre-marked with their exhibit numbers—in electronic form on a thumb drive (or multiple thumb drives) and in paper form in a binder (or set of binders) divided by numbered tabs with table of contents for each binder. A second set of the thumb drives containing the exhibits in electronic form must be delivered to the Court's Deputy Clerk. For the electronic copies, exhibits must be saved as a separate PDF labeled by exhibit number and short description (for example, Def's Ex. 27, Email of 11/28/2006). For the paper copies, exhibits in binders must be divided by numbered tabs, with a table of contents in each binder. Exhibit binders must be labelled on both the front and the spine of the binder with the name of the party, volume number, and the numbers of the exhibits found inside. (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27). To expedite the trial and the presentation of evidence, it is the Court's intention to rule on the admissibility of as many exhibits as possible at the pretrial conference. The parties will be permitted to refer to exhibits that have been admitted in their opening statements and to use them to question witnesses without marking them for identification and completing the exercise of establishing their admissibility. The only exhibits that will be part of the record for purposes of any motion under Fed. R. Crim. Proc. 29 or the verdict, though, will be exhibits that have been utilized during the presentation of evidence at trial.

**SO ORDERED.**

Any motion to extend a date for the submission of a pleading to the Court must be filed at least two business days before the date to be extended.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

If the parties reach an agreement to resolve the matter short of trial, they may contact the Deputy Clerk at any time to schedule a hearing.

Date: February 21, 2024

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

**Attachment**

The Joint Pretrial Statement shall include the following:

a. A one-paragraph **joint statement of the case** for the Court to read to prospective jurors;

b. Proposed **voir dire questions** that include:
   i.  The *voir dire* questions on which the parties agree; and
   ii. The *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

c. Proposed **jury instructions**, which are formatted so that each instruction begins on a new page and indicate:
   i. The instructions to which the parties agree;
   ii. The instructions to which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
   iii. The proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions), or, for modified or new instructions, its supporting legal authority;

d. A list of **witnesses**, accompanied by a brief description of each witness's expected testimony, followed by specific objections (if any) to each witness;

e. A list of any **expert witnesses**, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f. A list of **prior convictions** that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g. A list of exhibits that party intends to offer during trial, **that identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**, e.g., "hearsay" or "F.R.E. 403," without further argument;
   a. Exhibits will be presumed authentic unless an objection to authenticity is noted on the Joint Pretrial Statement. The exhibit list shall be a separate attachment to the Joint Pretrial Statement.
   b. Any objections on completeness grounds under F.R.E. 106 must be noted in the exhibit list, and the party seeking to require the introduction of any other part of a writing or recorded statement must provide a copy of the material the party maintains in fairness ought to be considered at the same time on the date the exhibits are delivered to Chambers.
   c. A party may choose to identify additional exhibits it anticipates will be used for purposes of impeachment, but those exhibits should be clearly identified on the list as items the party is NOT seeking to admit in its case-in-chief.

h. Any **stipulations**, signed by counsel and the defendant;

4

i.  A **proposed verdict form** that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

j.  A list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language.