UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                              CASE NO. 1:23-cr-66 (RC)

v.

REBECCA LAVRENZ,

      Defendant.

### DEFENDANT REBECCA LAVRENZ'S MOTION IN LIMINE TO PRECLUDE ALL DISCUSSION OF SIGNS, BARRICADES OR ANNOUNCEMENTS NOT SEEN BY DEFENDANT

COMES NOW, the Defendant Rebecca Lavrenz, by and through her counsel John Pierce, with this motion in limine to preclude from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades, or other barriers unless the offering party first lays a foundation that Defendant actually was in a place to clearly and obviously witness such features.

Defendant is charged with several criminal offenses which require the United States to prove that she knew the area was restricted, and therefore unauthorized. At trial, Defendant will contest these assertions. Defendant freely walked onto the U.S. Capitol grounds on January 6 at a time when there were no signs, warnings, announcements, or police officer resistance. There was no signal that gave Defendant the requisite intent that her physical presence on Capitol grounds was unauthorized.

Under Rule 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. This Court has already excluded evidence in a January 6th proceeding based on the balancing test set forth in Rule 403. See *United States v. Fitzsimons*, 605 F.Supp.3d 92, 99 (D.D.C. 2022) In *Fitzsimons,* the Court refused to admit phone calls into evidence even though they tended to make the defendant's motive and intent more probable than they would be without the evidence. *Id.* However, any probative value the calls had was quite low compared to the dangers it may bring such as unfairly prejudicing the defendant because it was far from clear that the statements constituted a literal threat of violence. *Id.* Very similarly, if evidence of any barriers or perimeters which may signal the area was restricted, would mislead the jury without the Government first laying the record. Without the Defendant physically seeing any barrier or signals, the Defendant would have no knowledge that she was entering a restricted area, one of the elements the Government must prove to find the Defendant guilty of these criminal charges. The requisite mental state of 18 U.S.C. § 1752(a) is repeated numerous times throughout the statute, "whoever *knowingly*." 18 U.S.C. § 1752 (emphasis added).

      This Court has recently elaborated and confirmed the Defendant's position as argued here. The Court in *Elizalde* held that for the charge of 18 U.S.C. §1752(a) the government was required to prove that the defendant knowingly entered or remained in an area that he *knew* was a restricted building or grounds. *United States v. Elizalde,* 2023 WL 8354932 (D.D.C. Dec. 1, 2023). If the Government is not required to lay the foundation here, that the Defendant was in a place to have seen signals or been aware the area was restricted, the jury will be misled into thinking the area was <u>clearly</u> restricted. The Government will likely intend to admit numerous pieces of evidence which tends to show the area was signaled to be restricted. However, on the day in question, barriers were moved, signs were ripped down. The Defendant urges this court to

require the Government to lay the foundation that Defendant was clearly in a place to be aware and knew the area of which she is charged for being, was in fact restricted.

Dated: February 28, 2024

Respectfully Submitted,
/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

CERTIFICATE OF SERVICE

I certify that I uploaded this document to the Court's ECF system, serving all parties of record.

*/s/ John M. Pierce*
John M. Pierce