UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 1:23-CR-66-ZMF |
| : | |
| REBECCA LAVRENZ, : | |
| : | |
| Defendant. : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS REGARDING HOUSE SELECT COMMITTEE

The United States of America respectfully submits this opposition to Defendant Rebecca Lavrenz's "motion to dismiss due to deliberate spoilation [sic] of evidence by House Select Committee, and request for evidentiary hearing." ECF No. 47 at 1 (capitalization omitted). When presented with a virtually identical argument, Chief Judge Boasberg denied another defendant's motion to dismiss, ruling that (1) the government has "no duty, constitutional or otherwise, to produce" evidence that only Congress possessed, (2) the motion's factual allegations were "too thin a reed" to support the claim that the House Select Committee lost or destroyed evidence, and (3) the defendant failed to establish a reasonable likelihood that any purported missing evidence would affect the outcome of the case. *See United States v. Zink*, No. 21-cr-191, 2023 WL 5672555, at *2, 3 (D.D.C. Sept. 1, 2023). Because there is no material difference between the Defendant's motion here and the motion that Chief Judge Boasberg denied, the Court should find Chief Judge Boasberg's ruling persuasive and deny the Defendant's motion.

### BACKGROUND

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters

forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and injuring many law enforcement officers.

The Defendant was a member of the crowd that stormed the United States Capitol on January 6, 2021. She joined the rioters who broke past bike rack barriers and overran the police line on the East Front before she eventually entered the U.S. Capitol building through the Rotunda Doors. As a result, the Defendant was charged in a four-count Information that alleged violations of 18 U.S.C. § 1751(a)(1) and (a)(2), and 40 U.S.C. § 5104(e)(2)(D) and (G). Trial in this case is currently set to begin on March 25, 2024.

On March 4, 2024, the Defendant filed a motion to dismiss the Information based on "deliberate spoilation [sic] of evidence by House Select Committee, and request for evidentiary hearing." ECF No. 47 (capitalization omitted). For the reasons explained below, the Court should deny the Defendant's motion.

## ARGUMENT

Dismissal of a criminal case is an extraordinary remedy because of the public's interest in the administration of justice. See *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997); *see also United States v. Morrison,* 449 U.S. 361, 365 (1981) (concluding that the dismissal of an indictment was unwarranted absent a constitutional violation that prejudiced the defendant's case); *Whitehouse v. United States Dist. Court,* 53 F.3d 1349, 1359 (1st Cir.1995) ("When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances."). Where dismissal is sought based on claims that the prosecution lost or destroyed evidence, a defendant must make a showing that the information purportedly destroyed or lost was both material and favorable to the defense, with a reasonable

2

likelihood that the evidence or testimony would affect the outcome of her case. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982). For the reasons stated below, the Defendant fails to meet her burden.

> **A. The government has no obligation to disclose information in the possession of Congress that is not also in the possession of the prosecution team.**

As Chief Judge Boasberg wrote in response to a similar motion in *Zink*, "the Government 'has no obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose information in the possession of Congress that is not also in the possession of the [Department of Justice].'" *Zink*, 2023 WL 5672555 at *2 (quoting *United States v. Trie*, 21 F. Supp. 2d 7, 25 n.17 (D.D.C. 1998)); *see also United States v. Nordean*, 2022 WL 2292062, at *2 n.4 (D.D.C. June 24, 2022) ("[T]he Government need not—indeed, cannot—produce information or materials in the possession of Congress but not in the possession of the Department of Justice." (cleaned up)). The same goes for Federal Rule of Criminal Procedure 16, which sets the government's discovery obligations here. *See Zink*, 2023 WL 5672555 at *2; *United States v. Safavian*, 233 F.R.D. 12, 14 (D.D.C. 2005) ("Congress is a separate branch of the government and was not intended by the Rules writers to be included within Rule 16."). That is because "Congress exists as an altogether separate branch of government, not an agency within the Executive Branch." *Zink*, 2023 WL 5672555 at *2 (citing *Trie*, 21 F. Supp. 2d at 25 n.17); *see United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[I]t is settled that the government generally need not produce documents that are in the possession, custody, or control of a separate branch of government such as Congress.").

Here, as in *Zink*, the Defendant's motion centers on evidence that was supposedly in the possession of the House Select Committee.¹ *See* ECF No. 47 at 1–6. And although the Defendant's motion references a news article about a statement from a member of the House Select Committee that discussed the possibility of sharing information with the Department of Justice, ECF No. 47 at 6–7, the Defendant's motion has not identified any information that was actually shared by Congress. Since the evidence that the Defendant focuses her motion on was only in Congress' possession, the government has "no duty, constitutional or otherwise, to produce it." *Zink*, 2023 WL 5672555 at *2. The Defendant has given this Court nothing materially different than what was presented in *Zink*, and has failed completely to acknowledge Chief Judge Boasberg's analysis in that case. *See generally* ECF No. 47 (failing to cite *Zink*, despite defense counsel being the same in both cases and presenting he same spoliation claim). Chief Judge Boasberg's opinion is persuasive and on point: the government's disclosure obligations do not extend to materials possessed only by the House Select Committee. That alone is enough to deny the Defendant's motion.

B.  **The Defendant's factual allegations are insufficient to warrant dismissal.**

The Defendant's motion rests on two news articles that discuss the same dispute between two Congressmen about whether the House Select Committee preserved materials in accordance with House rules. *See* ECF No. 47 at 1 (Daily Mail article), 2–3 (Fox News article). In *Zink*, the Defendant relied on "one news article," *Zink*, 2023 WL 5672555 at *3, but the addition of another article detailing the same allegations does not make this motion any different from, or more persuasive than, the one Chief Judge Boasberg denied. Moreover, the Defendant's motion omits

---

¹ While the Defendant's motion references the U.S. Capitol Police, ECF No. 47 at 5–6, the information that the Defendant seeks disclosure of is information allegedly possessed by the House Select Committee, not the U.S. Capitol Police.

4

critical aspects of the two cited news articles. First, the Defendant's quote of the Daily Mail article excised the paragraph explaining the "[t]he congressman is demanding that Democrats handover the passwords *as the files have since been recovered*." *See* Daily Mail Article (Jan. 22, 2024) (emphasis added), *available at* https://www.dailymail.co.uk/news/us-politics/article-12991471/january-6-committee-deleted-files-republican-probe-house-majority.html (last visited Mar. 11, 2024). Second, the Fox News article explained that the former chair of the House Select Committee disputed the allegations lodged by another member of Congress—a fact that the Defendant's motion fails to mention. *See* Fox News Article (Aug. 8, 2023), *available at* https://www.foxnews.com/politics/j6-committee-failed-to-preserve-records-has-no-data-on-capitol-hill-security-failures-gop-charges (last visited Mar. 11, 2024).

As the court explained in *Zink*, the allegation referenced in the news articles "is too thin a reed to support [the defendant's] conclusion that the Committee lost or destroyed any evidence." *Id.* Indeed, as the *Zink* court explained, neither the articles "nor anything else in [the defendant's] Motion shows that Congress even had, much less destroyed, evidence that pertained to [the defendant's] case in particular." *Id.* Thus, Chief Judge Boasberg concluded that the motion in *Zink* "fail[ed] for the additional reason that it lacks a factual basis." *Id.* The same is true here: the Defendant's factual allegations—which hinge on two news articles about allegations one member of Congress made against another member—fall far short of what is required to dismiss the charges in this case.

### C. The Defendant's bald assertions do not establish a reasonable likelihood that the supposedly missing evidence would affect the outcome of her case.

Although the Defendant "cannot be expected to render a detailed description of" supposedly missing evidence, *Valenzuela-Bernal*, 458 U.S. at 873, she still has the burden of showing "a reasonable likelihood" that the missing evidence would affect the outcome of her

5

case, *id.* at 874; *see Zink*, 2023 WL 5672555 at *3. To meet that burden, the Defendant could "provide an educated guess as to the content of the missing testimony and explain how that would have been relevant to an element of a charged offense or an affirmative defense [s]he plans to raise." *Zink*, 2023 WL 5672555 at *3. But, as the court explained in *Zink*, the Defendant cannot meet her burden merely by lodging bald assertions about supposedly missing evidence. *Id.*

Here, the Defendant's motion offers nothing more than the sort of bald assertions rejected by the Court in *Zink*. For instance, the Defendant alleges "that the vast majority of [the House Committee's] witnesses would be exculpatory and probative" and that supposedly missing evidence would "debunk the [House Select Committee's] partisan narrative." ECF No. 47 at 9. But those are the same sort of "bald[] assertion[s]" that Chief Judge Boasberg rejected in *Zink*. *See Zink* 2023 WL 5672555 at *3 (rejecting the defendant's bald assertions "that 'the vast majority of these witnesses would be exculpatory and probative' and 'would likely debunk' the Committee's 'partisan narrative.'" (citing Defendant Zink's motion)). Indeed, as in *Zink*, the Defendant here claims it is "obvious[]" that the purportedly missing evidence would be helpful to her defense, but offers nothing to explain what that evidence is or how it would help her case specifically. *Cf. id.* (commenting unfavorably upon the defendant's assertion that evidence would "obviously" help his case without offering any explanation of why).

Rather than addressing how the supposedly missing evidence would help *her case*, the Defendant's motion spends considerable time arguing that the House Select Committee "was never a valid or lawful committee." ECF No. 47 at 3 (capitalization omitted); *see id.* at 3–5. Elsewhere, the Defendant asserts that the "Select Committee's public meetings were partisan political campaign commercials like those of a political action committee." *Id.* at 9. But as the Court explained in *Zink*, such assertions are "not the issue in this case, which instead concerns

6

whether the Government can prove its charges beyond a reasonable doubt." *Zink*, 2023 WL 5672555, at *3. Put another way, the core question is whether there is a reasonable likelihood that the supposedly missing evidence would affect the outcome of her case, and it is clear that the Defendant's motion does not meet that burden.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's motion to dismiss, ECF No. 47.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

/s/ *Terence A. Parker*
Terence A. Parker
Trial Attorney (Detailee)
U.S. Attorney's Office for the
District of Columbia
NY Bar No. 5775192
Email: Terence.Parker3@usdoj.gov
Phone: (202) 252-7859

/s/ *Brendan Ballou*
Brendan Ballou
Special Counsel (Detailee)
U.S. Attorney's Office for the
District of Columbia
Email: brendan.ballou-kelley@usdoj.gov
Phone: (202) 431-8493