UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No: 1:23-CR-66-ZMF |
| | : | |
| REBECCA LAVRENZ, | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO PRECLUDE UNSEEN SIGNAGE

The United States of America respectfully submits this opposition to the Defendant's motion to preclude admission of "any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades or other barriers unless the offering party first lays a foundation that defendant actually was in a place to clearly and obviously witness such features."[1] ECF No. 43 at 1.

The Defendant conflates two separate elements of a violation of 18 U.S.C. § 1752(a)(1) and (a)(2). In Count One, the government must show:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. The defendant did so knowingly.

---

[1] In *United States v. Nancy Barron*, No. 22-cr-89-ZMF (D.D.C. Aug. 4, 2023), which went to trial before this Court in August 2023, the defendant filed a similar motion to "to preclude unseen signage, fencing, or other barriers," *see Barron*, ECF No. 44. That case involved a defendant charged with the same four misdemeanor counts that Ms. Lavrenz is charged with here. And, like Ms. Lavrenz, the defendant in *Barron* was present on the East Front of the U.S. Capitol on January 6 and entered the U.S. Capitol building through the Rotunda Doors. The United States opposed the motion in *Barron*, and this Court denied the motion. *See* Minute Order, *United States v. Barron*, No. 22-cr-89-ZMF (D.D.C. Aug. 21, 2023) ("Motion in Limine DEFENDANTS MOTION IN LIMINE TO PRECLUDE UNSEEN SIGNAGE, FENCING, OR OTHER BARRIERS as to NANCY BARRON, heard and denied.").

In Count Two, the government must show:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3. The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Count One and Count Two each require that the government prove both the *objective existence* of a restricted building or grounds, and separately that the Defendant's actions occurred within that building or grounds *knowingly*.

The statute defines "the term 'restricted buildings or grounds'" to mean "any posted, cordoned off, or otherwise restricted area—(B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). Thus, the government must prove that the Defendant entered or remained in an area that was posted, cordoned off, or otherwise restricted.

Separately, the government must show that the Defendant committed her acts knowingly. It is within this knowingly element the Defendant seems to agree that the government must be allowed to present evidence of signs, fencing, dispersal announcements, barricades, or other barriers to show the Defendant's knowledge. That agreement makes good sense, because, as Judge Kollar-Kotelly explained in *United States v MacAndrew*, No. 21-cr-730, 2023 WL 196132 (D.D.C. Jan. 17, 2023):

> [The defendant's] knowledge, like a snowball rolling down a ski slope, accumulated that day. Her suspicions undoubtedly started when . . . she passed "Area Closed" signs affixed to strewn fencing. If she did not know at that time her presence on Capitol grounds was unlawful, her awareness must have been stronger when she clambered over dismantled bike racks and snow fencing even closer to the Capitol building with their own "Area Closed" signs. If, after seeing *those* signs, she did not know her presence was unlawful after *those* signs, then surely she knew

she was unlawfully present when she encountered a line of armored Metropolitan Police Department ("MPD") officers marching past Capitol Police officers guarding the Capitol building behind bike racks affixed, again, with "Area Closed" signs.

Assuming, for the sake of argument, that she *still* did not know she was not permitted on Capitol grounds or in the Capitol building, she must have known when she arrived to the Upper West Terrace and met four individuals she testified she knew to have been pepper sprayed. Or, to enter the realm of the fabulist, perhaps it was only when she entered the Capitol through a broken door, an emergency siren blaring. These signs, and others detailed below, undoubtedly endowed [the defendant] with the knowledge that her presence and protest in the Capitol was unlawful. Nevertheless, she remained.

*Id.* at *1–2 (emphases in original).

Much like in *MacAndrew*, the jury in this case will be provided with a series of impediments that the Defendant experienced personally. But the requirement that the government prove that the Defendant acted *knowingly* does not negate the government's obligations to prove the restricted area *objectively*.

None of the cases that the Defendant cites in her motion change the analysis. The Defendant cites *United States v. Fitzsimons*, 605 F.Supp.3d 92, 99 (D.D.C. 2022), but that case did not discuss, at all, what evidence is admissible to proving the offenses charged here. Instead, the cited portion of *Fitzsimons* addressed whether certain Rule 404(b) evidence that is wholly unrelated to the current motion was admissible. Neither does the Defendant's citation to *United States v. Elizalde*, No. 1:23-cr-00170, 2023 WL 8354932 (D.D.C. Dec. 1, 2023), support her motion. That case involved a statutory interpretation question about the *mens rea* for 18 U.S.C. § 1752(a)(1) and (a)(2). But *Elizalde* did not change the fact that the government must prove the *objective existence* of a restricted building or grounds. Thus, even under the *Elizalde* court's interpretation of 18 U.S.C. § 1752(a)(1) and (a)(2), the evidence that the Defendant seeks to exclude here—i.e., evidence of signs, barricades, police lines, and other barriers—remains

relevant and admissible to proving the charged offenses.  *See also United States v. Zink*, No. 21-cr-191 (JEB), 2023 WL 5206143 at *3 (D.D.C. Aug. 14, 2023) (in case where prosecution agreed to establish foundation for evidence showing signs were visible to defendant, the trial court overruled a defense objection that signs and other barriers were "irrelevant, confusing and misleading because collective actions of other riots were relevant to proof of charge under Section 1752(a)( 2)).

Therefore, the government respectfully requests this Court deny the Defendant's motion for an *in limine* order precluding evidence of allegedly unseen signs.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

/s/ *Terence A. Parker*
Terence A. Parker
Trial Attorney (Detailee)
U.S. Attorney's Office for the
District of Columbia
NY Bar No. 5775192
Email: Terence.Parker3@usdoj.gov
Phone: (202) 252-7859

/s/ *Brendan Ballou*
Brendan Ballou
Special Counsel (Detailee)
U.S. Attorney's Office for the
District of Columbia
Email: brendan.ballou-kelley@usdoj.gov
Phone: (202) 431-8493