**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:23-CR-66-ZMF** |
| | : | |
| **REBECCA LAVRENZ,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO PRECLUDE 'RAINDROP THEORY'**

The United States of America respectfully submits this partial opposition to the defendant's motion, ECF 46, to preclude evidence or argument of the defendant's criminality based solely upon the acts of others.

The  defendant is charged for her role in the breach of the United States Capitol on January 6, 2021. She joined the rioters who broke past bike rack barriers and overran the police line on the East Front before she eventually entered the U.S. Capitol building through the Rotunda Doors.  A four-count Information alleges that she violated of 18 U.S.C. § 1751(a)(1) and (a)(2), and 40 U.S.C. § 5104(e)(2)(D) and (G).  Trial in this case is currently set to begin on March 25, 2024.

To prevail at trial, for Counts Two and Three the United States must prove, among other elements, that under 18 U.S.C. § 1752(a)(2) the defendant intended to and did impede or disrupt the orderly conduct of Government business or official functions, and that under 40 U.S.C. § 5104(e)(2)(D) the defendant engaged in disorderly and disruptive conduct with intent to impede, disrupt, or disturb an orderly session of Congress.

The defendant now seeks an order limiting the government from presenting evidence and argument under three separate theories:  *first*, that the defendant could be convicted of crimes

committed by others; *second*, that the defendant could be convicted of crimes merely for witnessing the crimes of others; and *third*, that the defendant could be convicted for crimes in which she acted as a 'raindrop' amid a storm of others who cause violence or disruption.

Insofar as the defendant seeks to preclude argument that the defendant's mere presence during a crime supports her conviction, the United States does not object. *See* ECF 46 at 2 n.1. The defendant's motion, however, seeks much more and demands exclusion of evidence proving certain offense elements such as the defendant's knowledge and intent. The motion provides no support for any ruling that would effectively prevent the United States from offering relevant evidence to prove its case, and once such evidence is admitted, there is no authority precluding the prosecution from making arguments based on admitted evidence. The government's understanding of the so-called 'raindrop' argument is more nuanced than the defendant acknowledges.

Without citation, the defendant's motion disputes the ruling in *United States v Rivera*, 607 F.Supp.3d 1 (D.D.C. Feb. 17, 2022), which concerned, among other matters, 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building), a statute charged in both this case and *Rivera*. In *Rivera*, the Hon. Colleen Kollar-Kotelly reasoned that:

> The following metaphor is helpful in expressing what the statute [18 U.S.C. § 1752(a)(2)] *does* require. Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption. Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Id.* at 9 (D.D.C. 2022) (emphasis in original).

The 'raindrop theory' has never been used to prove every element of offenses charged related to January 6th. Instead, Judge Kollar-Kotelly used the metaphor to illustrate that a

defendant's act of 'being a raindrop' contributed to the disruption of Congressional proceedings which is an element of Section 1752(a)(2) and also Section 5104(e)(2)(D). Following *Rivera*'s theme, the government should not be precluded from arguing that the defendant was in fact a raindrop in the storming of the Capitol on January 6.

Accordingly, the government disagrees that the factfinder must remain blind to what was occurring around the defendant at the time she chose to take part in the disruption of the Congressional proceedings. The existence of the storm is still relevant to determine whether the defendant chose to be a raindrop within it. More prosaically, "it is well-established that whether conduct qualifies as disorderly depends on the surrounding circumstances." *United States v Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024). As the D.C. Circuit explained, "A lone hiker on a mountaintop can sing at the top of his lungs without disturbing a soul; a patron in a library cannot" and "in determining whether an act is disorderly, the act cannot be divorced from the circumstances in which it takes place." *Id*.

Similarly, whether conduct is disruptive is also a context-sensitive inquiry. *Id*. at 951 (citing *United States v. Bronstein*, 849 F.3d 1101, 1109 (D.C. Cir. 2017)). Here, the defendant's charged conduct took place in a crowd and occurred during a riot. These details appropriately inform any decision as to whether her conduct was disorderly or disruptive. Neither the government's evidence nor its argument should be limited to preclude consideration of the defendant's actions within a crowded riot or the larger context of the riot itself.

The defendant attempts to support her argument by referencing a Florida "anti-riot" statute that was enjoined, the defendant says, because it effectively legalized individual liability for collective crimes. ECF No. 46 at 2-5. Yet the defendant never explains how that statute is similar to, or different from, the federal statutes under which she's been charged. Moreover, the

government intends to prove its case by showing through video and other evidence that the defendant decided to trespass over the Capitol's restricted perimeter and remain on its grounds when it was obvious that she should not be there.  Her actions contributed to a broader riot involving thousands of others, but it is her individual actions, the government will show, that establish her guilt.

Courts have repeatedly denied motions like the one at issue here.  To the government's knowledge, no court has granted such a motion.

This Court has considered a nearly identical argument in *United States v. Barron*, which, in a minute order, this Court rejected.  Motion in Limine To Preclude Government's Raindrop Theory Of Collective Guilt, *United States v. Barron*, 1:22-CR-89-ZMF (D.D.C. July 27, 2023), ECF No. 45; Minute Order, *United States v. Barron*, 1:22-CR-89-ZMF (D.D.C. Aug. 21, 2023).

In *United States v Gunby*, the Hon. Paul L. Friedman denied a substantially similar motion. In doing so, the Court explained:

> Although [the defendant] is correct that he cannot be punished for offenses committed by others, the government alleges that he himself committed four misdemeanor offenses on January 6, 2021.  [The defendant]'s conduct did not occur in a vacuum, and thus the actions of others may be relevant, and indeed necessary, to the government's case against [the defendant].  The government may introduce evidence about the rest of the crowd, and Court [sic] will not circumscribe the government's rhetoric as [the defendant] requests.

*United States v Gunby*, No. 21-CR-626-PLF, 2023 WL 4993483 at *5 (D.D.C. Aug. 4, 2023); *see also United States v. Rhine*, No. 21-cr-0687 (RC), 2023 WL 2072450 at *6 (D.D.C. Feb. 23, 2023) (("The Court agrees with the parties that evidence of the  conduct of others that Defendant was aware of or reasonably could have observed … is probative as to his mental state and admissible"). In a similar vein, judges have rejected arguments seeking to exclude 'general evidence' of events during the attack on the Capitol, even when not witnessed by the defendant charged.  *See United States v. Stedman*, 21-cr-383 (BAH) 2023 WL 3303818 at *1 (D.D.C. May 8, 2023)

4

(characterizing arguments for the exclusion of such evidence as "facile" and "untenable") (and collecting cases). In *Stedman*, Judge Howell explained that "even if a defendant did not personally observe all of the conduct engaged in by others in multiple parts of the Capitol Building and restricted grounds" general evidence about the events of January 6 "assists the jury in better understanding the parties' actions that day and thus the alleged conduct of the defendant." *Id*. at *1.   Additionally, Judge Howell reasoned that "[p]lainly, others' actions on January 6 at the Capitol, in combination with the defendant's own actions, were relevant" to whether the Electoral College certification was obstructed, delayed, or adversely affiected. *Id*. at *2.   Count Two of the Information in this case charges the Defendant with violating Section 1752(a)(2), an offense requiring proof that the defendant intended to and did impede or disrupt the the orderly conduct of Government business or official functions.   Similarly, Count Three charges a violation of 40 U.S.C. 5104(e)(2)(D), an offense requiring proof of disorderly and disruptive conduct with intent to impede, disrupt, or disturb an orderly session of Congress.   "The defendant's knowing joinder of a broader crowd is probative of [her] participation in a venture that interfered with a congressional proceeding." *Id*.

The reasoning in the cases cited above is persuasive, and the government respectfully requests that the Court adopt the same position it did in *Barron* and deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    <u>/s/ Brendan Ballou</u>
Brendan Ballou
Special Counsel
DC Bar No. 241592
U.S. Attorney's Office for the
District of Columbia
Email: brendan.ballou-kelley@usdoj.gov
Phone: (202) 431-8493

Terence A. Parker
Trial Attorney
U.S. Attorney's Office for the
District of Columbia
NY Bar No. 5775192
Email: Terence.Parker3@usdoj.gov
Phone: (202) 252-7859