UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                              CASE NO. 1:23-cr-66-ZMF

v.

REBECCA LAVRENZ,

      Defendant.

## DEFENDANT REBECCA LAVRENZ'S RESPONSE TO UNITED STATES' MOTION *IN LIMINE* REGARDING CONGRESSIONAL PROCEEDING MONTAGE EVIDENCE

Defendant Rebecca Lavrenz, by and through her counsel, brings this Response to the United States' (ECF No. 45) Motion In Limine regarding congressional proceeding montage evidence.

## BACKGROUND

The United States (the "government") is seeking to trick, confuse, and mislead the jury in order to wrongfully convict Rebecca Lavrenz of crimes that she did not commit. The government's Motion in Limine (ECF No. 45) seeks to admit a nine-and-a-half-minute montage of the Congressional Proceedings from January 6, 2021. Within the video there are hundreds of other individuals. There are also many confrontations, assaults, violence, and destruction of property that will be shown, none of which have anything to do with the defendant. Allowing such a long video which has not been tailored to the defendant and her actions, which purports violence, unfairly prejudices the defendant, has no relevance in this matter, and does not make any fact more or less probable. There are many alternatives means the government could use to

show "government business was in fact occurring on January 6, 2021."[1] While the government spends nearly the entirety of their Motion in Limine discussing the authenticity of the videos, they only spend one paragraph glossing over the balancing test from Rule 401 of the Federal Rules of Evidence. Plain and Simple, to show the government was doing business on the day in question, a nine-and-a-half-minute montage is unnecessary and taints the defendant's image to the jury.

## ARGUMENT

The government has justified the use of a montage because it introduces "what would be a large, burdensome series of exhibits."[2] However, it is not to be forgotten that "Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible." *Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1160 (11th Cir. 2004). It is long standing principle that the balancing test from Rule 403 allows the trial court to exclude otherwise admissible evidence after balancing its probative value against certain considerations which show the probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, or misleading jury. Fed. R. Evid. 403.

This case is about the defendant's conduct on January 6, 2021. The defendant cannot be held criminally liable for the conduct of those within the same vicinity as her, who were complete strangers. However, the nine-and-a-half-minute montage will show dozens of other individuals which will lead to nothing short of confusion in the minds of jury members. Because the montage has not been tailored to the defendant's acts, it would likely draw attention away

---

[1] See ECF No. 45 at 2. This is the government's proposed basis and foundation. To show that government business was occurring on the day of the event, the government is essentially saying this is the most appropriate means, a nine-and-a-half minute video, which is not tailored to the defendant.
[2] ECF No. 45 at 5.

from main issues in the case and should therefore be excluded. See *Trotter v. Lawson,* 997 F.3d 819, 822 (8th Cir. 2021).

Federal Courts around the country have clarified that "probative value is 'informed by the availability of alternative means to present similar evidence.'" *United States v. Bailey*, 840 F.3d 99, 122 (3d Cir. 2016) (quoting *United States v. Awadallah,* 436 F.3d 125, 132 (2d Cir. 2006)). Even the Supreme Court recognized in *Old Chief* that "Rule 403 'probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternatives." *Old Chief v. United States,* 519 U.S. 172, 184 (1997).

In the present matter, there are so many alternatives to which the government can use "to show that there was *in fact* government business occurring on January 6, 2021."[3] Physical evidence is available, such as still frame pictures or shorter video footage. Documentary evidence is available such as congressional records and news stories. Above all, this Court has established in similar January 6 proceedings that the Certification of the Electoral College vote is the business of Congress, which was occurring on the day in question. See *United States v. Puma,* 596 F.Supp.3d 90 (D.D.C. 2022); *United States v. Rodrigues,* 2022 WL 3910580 (D.D.C. Aug. 31, 2022); *United States v. Williams,* 2022 WL 2237301 (D.D.C. June 22, 2022); *Eastman v. Thompson,* 594 F.Supp.3d 1156 (C.D. Cal. 2022); *United States v. Fitzsimons,* 605 F. Supp. 3d 132 (D.D.C. 2022). The government could have easily referenced these cases and at the very least, and used their motion in limine to admit into evidence that it has been established that the government was in fact conducting business on the day in question, based on relevant case law.

---

[3] *Id*. at 2.

The matter at hand is similar to that in *United States v. Williams. United States v. Williams,* 663 F. Supp. 3d 1085 (D. Ariz. 2023). In *Williams*, the court found that the probative value of introducing rap videos was substantially outweighed by danger of unfair prejudice and risk of misleading and confusing jury that would result from admission of that evidence, in defendants' trial on charges of participating in RCO Act. *Id.* In support of its holding, two of the points the Court made in stating that the probative value was outweighed by unfair prejudice was, the author of lyrics to the songs was unknown, and certain lyrics were heard differently by different listeners. *Id.* Likewise, actors in the video montage the government moves to introduce are unknown. Actions taken by those in the video may be viewed differently by jury members with contrasting political views.

## **CONCLUSION**

What the government purports to do is show a long video montage that is not tailored to the specific defendant in the matter. The video depicts other individuals who act in the EXACT SAME MANNER as the government has alleged the defendant did on the day in question. While they are attempting to paint this negative picture of the defendant, the video should not be admitted because it is unfairly prejudicial. Actors in the video are behaving in a violent, reckless, and criminal manner. However, defendant has no relation to the persons in the video montage. It is prejudicial to show a long film of unknown individuals with no relation to the defendant or this case, behaving in the same manner in which the government alleges the defendant behaved. There are a dozen alternatives for which the government can utilize to establish such a minor fact within this matter.

Dated: March 11, 2024

Respectfully Submitted,
/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, March 11, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce