UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | |
| | : | Case No: 1:23-CR-66-ZMF |
| | : | |
| REBECCA LAVRENZ, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OMNIBUS REPLY IN SUPPORT OF SUPPLEMENTAL MOTIONS *IN LIMINE*

The United States of America respectfully submits this reply in support of its motion *in limine* to admit a video montage relating to the Congressional Record on January 6, 2021, without an authenticating witness, ECF No. 45, and its motion *in limine* to admit a video montage relating to the riot at the U.S. Capitol, ECF No. 44.[1]

**1. The Defendant's Opposition to the Congressional Proceeding Montage Relies on Blatantly Incorrect Allegations.**

The Defendant's opposition to the Congressional Proceeding Montage, ECF No. 54, rests on blatantly incorrect allegations. First, the Defendant alleges that "[w]ithin the video there are hundreds of other individuals. There are also many confrontations, assaults, violence, and destruction of property that will be shown, none of which have anything to do with the defendant." *Id.* at 1. As defense counsel know from many other January 6 trials they have defended, the Congressional Proceeding Montage contains no footage of confrontations, assaults, violence, or property destruction. Instead, as defense counsel should know, the Congressional

---

[1] As the United States noted in its supplemental motions *in limine*, ECF No. 44 n.1, ECF No. 45 n.1, both motions are substantially the same as motions that this Court granted in *United States v. Barron*, No. 22-cr-89-ZMF.

Proceeding Montage exclusively contains footage of the proceedings of the Joint Session of Congress that took place in the House and Senate Chambers. Because the Defendant's opposition rests almost entirely upon inaccurate facts, the Court should reject the Defendant's arguments and grant the United States' motion.

Second, the Defendant argues that the Court should not admit the montage because there are other ways that the United States can prove that official business was occurring in Congress on January 6. Evidence, however, is not inadmissible merely because there is some alternative way to prove a fact. *See United States v. Old Chief*, 519 U.S. 172, 186 (1997) (noting "the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice"); *United States v. Douglas*, 482 F.3d 591, 597 (D.D. Cir. 2007) (explaining that relevance is not affected by the availability of other forms of proof of the element) (citing *Old Chief*, 519 U.S. at 179). Here, the Congressional Proceeding Montage is plainly relevant to proving elements of the charged offenses, as the United States explained in its supplemental motion *in limine*, ECF No. 45 at 5. Absent a risk of unfair prejudice that substantially outweighs the relevance—that is, a risk based on actual, not erroneous facts—the Court should admit the evidence. *See* Fed. R. Evid. 403. Even setting that aside, the Defendant's motion takes for granted that there was an official proceeding in Congress on January 6, *see* ECF No. 54 at 3, yet the Defendant has declined to reach a stipulation regarding that fact. While it is entirely the Defendant's right to put the government to its burden, how the government meets that burden with admissible evidence is not a matter for the Defendant to choose.

2. **The Defendant's Opposition to the Capitol Riot Montage Provides No Basis to Exclude the Proposed Exhibit.**

The Defendant's opposition to a different compilation showing the Capitol riot ("Capitol Riot Montage") completely ignores the D.C. Circuit's recent decision in *United States v. Alford*,

2

89 F.4th 943, 949–53 (D.C. Cir. 2024), which plainly supports the United States' argument in support of the Capitol Riot Montage, *see* ECF No. 44 at 7–8. As the Court of Appeals explained, "entering the Capitol as part of a crowd rather than as a lone individual magnified the disruptiveness of [the defendant's] presence. Each additional person, no matter how modestly behaved, increased the chaos within the building, the police's difficulty in restoring order and the likelihood of interference with the Congress's work." *Id.* at 953. Thus, a jury is "not required to view [the defendant's] actions in isolation as though he were the only one at the Capitol that day." *Id.* The circumstances-dependent inquiry endorsed by the Court of Appeals in *Alford* makes the montage exhibit plainly relevant and helpful to the jury's understanding of the circumstances under which the Defendant committed the charged offenses. Nothing in the Defendant's opposition even attempts to address *Alford*'s holding.

### 3. The United States Rests on its Omnibus Motions *in Limine*

Before this trial was transferred to this Court, the United States filed Omnibus Motions *in Limine*, ECF No. 32. Those motions remain pending, and the United States rests on its filing.

## **CONCLUSION**

For these reasons, the United States requests that the Court grant its Omnibus Motions *in Limine*, ECF No. 32, Supplemental Motion *in Limine* to Admit the Capitol Riot Montage, ECF No. 44, and Supplemental Motion *in Limine* to Admit the Congressional Proceeding Montage, ECF No. 45.

Respectfully submitted:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

/s/ *Terence A. Parker*
Terence A. Parker
Trial Attorney (Detailee)
U.S. Attorney's Office for the
District of Columbia
NY Bar No. 5775192
Email: Terence.Parker3@usdoj.gov
Phone: (202) 252-7859

/s/ *Brendan Ballou*
Brendan Ballou
Special Counsel (Detailee)
U.S. Attorney's Office for the
District of Columbia
Email: brendan.ballou-kelley@usdoj.gov
Phone: (202) 431-8493