## Proposed Jury Instructions for Charged Offenses

### 1. Count One — Entering or Remaining in a Restricted Building or Grounds[1]

(18 U.S.C. § 1752(a)(1))

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[2]

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[3]

---

[1] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[2] The defense proposes the following addition: "As applied here, the defendant must have known that the former Vice President was visiting the area, and the area was deemed restricted. A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count One unless you are convinced beyond a reasonable doubt that she did not have a good faith belief of her lawful authority to enter or remain in a restricted building or grounds."

[3] The defense proposes the alternative definition: "The term 'restricted building or grounds' means that at the time the defendant entered, the area was posted, cordoned off, or otherwise barricaded, where a person by the Secret Service is or will be temporarily visiting. The physical boundaries of the area must have been visibly marked."

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.[4]

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[5]

---

[4] The defense proposes the alternative definition: "The term 'a person protected by the Secret Service' includes the former Vice President, Mike Pence. Defendant's actions must have occurred while the former Vice President was "temporarily visiting," and not after his temporary visit had terminated."

[5] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)). The defense proposes the following additional sentence: "'Knowingly' refers to knowledge of the facts constituting the offense."

## 2. Count Two — Disorderly or Disruptive Conduct in a Restricted Building[6]

(18 U.S.C. § 1752(a)(2))

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.[7]

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[8] Disorderly conduct includes when a person acts in such a manner as to cause another

---

[6] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

[7] The defense proposes the following addition: "Mere political expression, petitioning for redress of grievances, or prayer may not be considered 'disorderly or disruptive.' Nor does mere presence, by walking or standing with others, constitute disorderly conduct."

[8] *See United States v. Alford*, 89 F.4th 943, 949–53 (D.C. Cir. 2024) ("A rational jury could conclude that [the defendant's] actions were disorderly because, viewed in the context of the day's events, they 'tend[ed] to disturb the public peace, offend public morals, or undermine safety.'. . . [The defendant's] unauthorized presence in the Capitol as part of large and unruly group jeopardized the safety of the Congress as well as the police on the scene. It is also clear that the rioters created a widespread public disturbance. [The defendant] played a part in that by

person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[9]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[10]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

---

adding to the crowd . . . ." (quoting Black's Law Dictionary at 292)); *see also United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").
[9] *Alford*, 89 F.4th at 950 ("[I]t is well-established that whether conduct qualifies as disorderly depends on the surrounding circumstances."). *United States v. Schwartz, et. al*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).
[10] Redbook 6.643; *see Alford*, 89 F.4th at 952 ("A rational jury could conclude that [the defendant's] actions were disruptive because his presence in the Capitol contributed to the Congress's multi-hour delay in completing the electoral certification.").

### 3. Count Three — Disorderly Conduct in a Capitol Building Or Grounds[11]

(40 U.S.C. § 5104(e)(2)(D))

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

---

[11] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

The term "House of Congress" means the United States Senate or the United States House of Representatives.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[12]

The term "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[13]

---

[12] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).
[13] *See United States v. Bryan*, 524 U.S. 184, 190 (1998). The defense proposes the following additions: "As a general matter, a 'willful' act is one undertaken with a bad purpose. The term 'willfully' means the defendant must have acted with knowledge that his conduct was unlawful. To find the defendant acted "willfully," the jury must find the defendant prayed with an evil-meaning mind, that the defendant acted with knowledge that the act of praying was unlawful."

### 4. Count Four — Parading, Demonstrating, or Picketing in a Capitol Building[14]

(40 U.S.C. § 5104(e)(2)(G))

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

> Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[15]

The term "Capitol Buildings" has the same meaning described in the instructions for Count Three. The term "knowingly" has the same meaning described in Count One. "Willfully" has the same meaning described in the instructions for Count Three.

---

[14] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 19).

[15] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44). *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000). <span style="color:red">The defense proposes the following addition: "Praying within the Capitol Building does not fall within the terms 'paraded, demonstrated, or picketed.'"</span>