UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. 1:23-cr-00066-ZMF |
| v. | : |
| | : |
| **REBECCA LAVRENZ,** | : |
| | : |
| **Defendant.** | : |

**DEFENDANT LAVRENZ'S PROPOSED ADDITIONAL JURY INSTRUCTIONS**

COMES NOW the Defendant Rebecca Lavrenz, by and through Counsel, with these proposed additional jury instructions. Lavrenz proposes three additional jury instructions: (1) a First Amendment jury instruction, (2) a jury instruction requiring individualized conduct for conviction, and (3) a mere presence instruction.

    I.    THE FIRST AMENDMENT.

Under the First Amendment it is lawful for a person to express himself through speech or expressive conduct even though that speech or conduct is not in accord with propriety, modesty, good taste or good manners. Likewise, a person may exercise his right of free speech even . . . when his audience finds his speech or conduct offensive. The subject matter of the communication protected by the Constitution is not limited by what the audience may prefer to hear. The Constitution may best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger.

    The U.S. Capitol is a recognized area of frequent protest, expression, petitioning, lobbying, and demonstrations. It is where federal lawmakers consider

the impact and interests of their constituents. In addition to freedom of speech, press, religion, and assembly, the First Amendment protects the rights of people to petition Congress for redress of grievances.

## II. INDIVIDUALIZED GUILT

**Proposed Instruction No. __**

**Guilt Must be individualized**

The determination of guilt must be an individualized matter. Defendant Lavrenz cannot be convicted of crimes by others, a mob or group, unless you find beyond a reasonable doubt that Lavrenz himself committed such crimes.

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.[1]

## III. MERE PRESENCE[2]

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed a crime. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case. But mere presence alone is not sufficient to convict the defendant.

---

[1] *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); *Scales v. United States*, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). *See also Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

[2] From U.S. 9th Circuit Pattern Jury Instructions.

Dated: March 24, 2024                                        Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

CERTIFICATE OF SERVICE

I certify that I uploaded this document to the Court's ECF system, serving all parties of record.

*/s/ John M. Pierce*
John M. Pierce