UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 1:23-CR-66-ZMF |
| : | |
| REBECCA LAVRENZ, : | |
| : | |
| Defendant. : | |

### UNITED STATES' MOTION FOR AN ACCOUNTING
### OF FUNDS RAISED BY THE DEFENDANT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for an accounting of money the Defendant Rebecca Lavrenz has raised in connection with this case. To date, Lavrenz has raised $229,950 via two fundraising websites. But she has refused to provide financial disclosures to the Probation Office, while simultaneously admitting in media interviews that she is using this money in part for purposes other than her legal defense. For these reasons, the Court should order an accounting of Lavrenz's fundraising to determine the appropriate fine to impose at sentencing, as judges in this district have done in other January 6 cases.

**1. Lavrenz has raised $229,950 in connection with this case.**

Lavrenz has two GiveSendGo accounts that she has used to raise money. The webpage for one account (hereinafter, "the Lavrenz Account") is titled "Rebecca Lavrenz January 6th Related Expenses," and states that "[t]he funds from this campaign will be received by Rebecca Lavrenz."[1] As of July 15, 2024, the Lavrenz Account contains $162,309. On the Lavrenz Account webpage,

---

[1] Rebecca Lavrenz January 6th Related Expenses, https://www.givesendgo.com/rebeccalavrenz (last visited July 15, 2024).

Lavrenz specifically uses the prospect of a criminal fine in her fundraising requests, writing "<u>I will be appealing my case as well as facing the possibility of additional fines of up to $200,000.</u>" (emphasis in original). *See* Figure 1.



*Figure 1: Screenshot of the Lavrenz Account on July 15, 2024*

The second GiveSendGo account associated with Lavrenz is titled "Rebecca Lavrenz Legal Defense Fund" (hereinafter, "the NCLU Account"),[2] and states that "Campaign funds will be received by National Constitutional Law Union." The National Constitutional Law Union ("NCLU") is chaired by Lavrenz's defense attorney, John Pierce, and lists Lavrenz's case on its website as one of its cases.[3] The NCLU Account, as of July 15, 2024, contains $67,641. *See* Figure 2.

---

[2] Rebecca Lavrenz Legal Defense Fund, https://www.givesendgo.com/rebeccalavrenzJ6 (last visited July 15, 2024).

[3] National Constitutional Law Union, Cases, https://nclu.org/#cases (last visited July 15, 2024).



*Figure 2: Screenshot of the NCLU Account on July 15, 2024*

In total, between both the Lavrenz Account and the NCLU Account, Lavrenz has fundraised at least $229,950 related to her criminal case. The majority of the funds raised in the Lavrenz Account and a significant portion of the funds raised in the NCLU Account were received after Lavrenz's guilty verdicts.

2. **Lavrenz is using the Lavrenz Account to pay an eventual fine and fund her cross-country speaking tour.**

In post-trial media appearances, Lavrenz has stated that the money in the Lavrenz Account is not being used exclusively for legal fees. In multiple interviews, she has made clear that she is using the Lavrenz Account to raise money to pay a potential fine. For example, in an April 11, 2024, interview with His Glory TV, Lavrenz told viewers how to donate to the Lavrenz Account and stated "I could be facing up to maybe three years in prison or *$200,000 in fines, so I still need more funds for that*."[4] As another example, in an April 23, 2024, interview with The Joe Hoft

---

[4] His Glory TV, timestamp 29:00, https://rumble.com/v4ovymw-rebecca-lavrenz-the-j6-praying-great-grandma-and-jd-rucker-joins-his-glory-.html (emphasis added).

Show, Lavrenz said that she faces "up to $230,000 in fines," immediately before telling viewers how they can donate to the Lavrenz Account.[5]

In other interviews, Lavrenz has stated that she is using the Lavrenz Account to embark on a cross-country speaking tour. Since trial, Lavrenz has travelled to Virginia, Georgia, Tennessee, North Carolina, Minnesota, and Iowa where she has proudly boasted about her criminal conduct and defended the mob that attacked the U.S. Capitol. In a June 12, 2024, interview, Lavrenz said of the money in the Lavrenz Account, "I am using some of it for J6-related expenses, I'm travelling . . . because I am being able to speak at different places."[6] In another interview, as she asked viewers for donations to the Lavrenz Account, Lavrenz said "I am travelling, I travel wherever I can . . . I'm going to be driving, just sharing my story as much as I can."[7] And it is worth noting that nowhere on the Lavrenz Account webpage does she tell donors that she is using a portion of the funds to travel.

3. **The Court should order an accounting to determine the appropriate fine to impose at sentencing.**

Lavrenz's Guidelines, as set out in her draft PSR, presume that she should pay a fine. Draft PSR ¶ 125 (noting a fine range between $4,000 and $40,000); *see also* U.S.S.G. § 5E1.2(c)(3). Lavrenz's Draft PSR also indicates that "[t]o date, Ms. Lavrenz has not demonstrated an inability to pay a fine, in addition to any potential restitution." Draft PSR ¶ 95. That is important because the burden is on Lavrenz to demonstrate her inability to pay a fine. *See United States v. Gewin*, 471 F.3d 197, 203 (D.C. Cir. 2006) (explaining that "it makes good sense to burden a defendant

---

[5] Joe Hoft Show, timestamp 56:30, https://rumble.com/v4qzlj3-the-joe-hoft-show.html.
[6] The Truth & Liberty Show, timestamp 48:20, https://www.youtube.com/live/fItXwEpex0g.
[7] Conservative Daily, timestamp 53:55, https://rumble.com/v4pox82-16-march-2024-joe-oltmann-and-david-clements-live-12pm-est.html.

4

who has apparently concealed assets" to prove that "he has no such assets and thus cannot pay the fine").

In order to determine the appropriate fine to impose at sentencing, the Court should order an accounting of Lavrenz's two GiveSendGo accounts. To date, Lavrenz has refused to provide the Probation Office with any financial information, including "the Net Worth Statement, Monthly Cash Flow Statement or any supporting documentation of her income, assets, liabilities, and debts." Draft PSR ¶ 85. By ordering an accounting of the GiveSendGo accounts, the Court can prevent a scenario in which Lavrenz claims on the eve of the sentencing hearing that all of the funds raised went toward legitimate legal fees.

The Court would not be breaking new ground by ordering an accounting of Lavrenz's GiveSendGo accounts. Several other judges in this district have ordered such accountings in January 6 cases where the defendant engaged in fundraising. For example, in *United States v. DeGrave*, 1:21-cr-088-DLF, Judge Friedrich granted the government's motion for an accounting, when the defendant used three GiveSendGo accounts to raise in excess of $120,000. *See* Min. Order Mar. 16, 2023 (granting the government's Motion for an Accounting of Funds). In *United States v. Mehaffie*, 1:21-cr-40-TNM, Judge McFadden likewise ordered an accounting for a January 6 defendant who raised money on GiveSendGo. *See* Def.'s Response to Court's Request for an Accounting, ECF No. 562 ("responding to this Court's request that Defendant Mehaffie provide an accounting with respect to funds raised through the GiveSendGo.com").

Then-Chief Judge Howell in *United States v. McGrew*, 1:21-cr-398-BAH, sua sponte ordered an accounting of the defendant's GiveSendGo fundraising when alerted to it ahead of sentencing. *See* Min. Order Jan. 18, 2023 (ordering the defendant "to submit a full accounting of

the contributions received by defendant's GiveSendGo account."). In *McGrew*, then-Chief Judge Howell encouraged the Government to raise motions for accounting like this one, stating:

> So at least for my sentencings, and I am sure the other judges would be interested as well, is that the government should make a pretty clear presentation as close to sentencing as to what the evidence is about how much money the defendant has raised online for purposes of ascertaining whether a criminal fine is warranted and whether the defendant is truly unable to pay a fine.

Sent. Tr. 51, *United States v. McGrew*, 1:21-cr-398-BAH. And important for this motion, then-Chief Judge Howell made clear that such an accounting should consider fundraising accounts set up "[f]or the defendant's benefit," *id.* at 52, even if those accounts, like the NCLU Account here, were not set up by the defendant personally. *See also* Min. Order Sept. 6, 2023, *United States v. McHugh*, 1:21-cr-453-JDB (Judge Bates ordering, sua sponte, that the defendant "shall file an informal accounting of the GiveSendGo online fundraising account *established on his behalf* by not later than [the next day at 9:00AM]. Such accounting shall describe the amount of money raised, how it has been spent, and what funds, if any, remain." (emphasis added)).

There are also decisions in this district that support ordering that an accounting take place in advance of sentencing. In *United States v. Gardner*, 1:21-cr-622-APM, Judge Mehta refused to order an accounting when the government's request came two days before the sentencing hearing and doing so would require the Court to "postpone these proceedings for some weeks." Sent. Tr. 22, *United States v. Gardner*, 1:21-cr-622-APM. Because Lavrenz's sentencing hearing is not until August 12, 2024, there is ample time for Lavrenz to comply with a Court-ordered accounting.

In sum, there is extensive support from other cases in this district to order an accounting of Lavrenz's GiveSendGo accounts, and the facts of Lavrenz's fundraising support the Court ordering such an accounting here. As other judges in this district have made clear in January 6 cases that involved fundraising, a defendant should not be permitted to profit from the notoriety

of their criminal conduct. S*ee e.g.*, Judgment, ECF No. 314, *United States v. Nichols*, 1:21-cr-117-RCL (imposing a $200,000 fine for a January 6 defendant who fundraised extensively on GiveSendGo and refused to provide the Probation Office with financial paperwork). The United States is still formulating its sentencing recommendation, but, consistent with 18 U.S.C. § 3553(a), the ultimate recommendation will be one that provides just punishment for Lavrenz's offense, promotes respect for the law, and deters her and others from repeating their criminal conduct ever again—and that may well include a significant fine.

## **CONCLUSION**

For these reasons, the United States requests that this Court enter an order for an accounting of the Lavrenz Account and NCLU Account.

For the United States:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

/s/ *Terence A. Parker*
Terence A. Parker
Trial Attorney (Detailee)
U.S. Attorney's Office for the
District of Columbia
NY Bar No. 5775192
Email: Terence.Parker3@usdoj.gov
Phone: (202) 252-7859

/s/ *Brendan Ballou*
Brendan Ballou
Special Counsel (Detailee)
U.S. Attorney's Office for the
District of Columbia
Email: brendan.ballou-kelley@usdoj.gov
Phone: (202) 431-8493